## HOWLAND v. ROOSEVELT et al.

(*Supreme Court, Special Term, New York County.* January 17, 1889.)

1. PARTNERSHIP—USE OF FIRM NAME—INJUNCTION.

Laws N. Y. 1854, c. 400, provide for the continued use of a partnership name notwithstanding changes in the firm, and that on every change in a firm, where the old name is continued, a certificate shall be filed and published, declaring the persons dealing under such name, with their places of abode. Plaintiff retired from a firm, and the two remaining partners continued to use the firm name, having first complied with the statute. They afterwards took in another partner without filing a new certificate. *Held,* that it was no defense to an action against the new firm to restrain the use of plaintiff's name, that after the action was brought defendants complied with the statute.

2. SAME—ASSIGNMENT BY OUTGOING PARTNER.

An assignment by plaintiff to one of his former partners of his interest in the old firm name as a trade designation did not give the right to the assignee to take in new partners and continue the business under such name.

At chambers. Action by Louis M. Howland against Samuel Montgomery Roosevelt and others. The plaintiff moves for an injunction *pendente lite. Agar, Ely & Fulton,* (*C. M. Da Costa* and *John G. Agar,* of counsel,) for plaintiff. *Stewart & Sheldon,* for defendants.

ANDREWS, J. The plaintiff and the defendants Roosevelt and Schuyler were copartners, doing business in the city of New York from 1881 to 1885 as importers of wine and general commission merchants, under the firm name of Roosevelt & Howland. On July 24 the plaintiff retired from business, assigning all his right, title, and interest therein to the defendant Roosevelt. Thereupon the defendants Roosevelt and Schuyler complied with the various requirements of chapter 400 of the Laws of 1854, and thus obtained the right to continue said business under the firm name of Roosevelt & Howland. It is alleged in the complaint and in the other papers upon which this motion is made that Roosevelt and Schuyler continued said business under the firm name of Roosevelt & Howland until August, 1888, and that in said month of

August they took into their partnership the defendant Cotton, and that the three defendants, Roosevelt, Schuyler, and Cotton, thereafter continued to use the name of Roosevelt & Howland in their partnership transactions, without filing a new certificate or publishing a new notice, as required by said chapter 400 of the Laws of 1854. The plaintiff demands judgment perpetually restraining the three defendants from using the name of the plaintiff, Howland, as part of their partnership name, and from carrying on said business of Roosevelt & Howland, or any other trade or business, and from using the name of Howland upon any of their signs, letters, bills, books, receipts, notices, or advertisements, in any form whatever; and he now moves for an injunction restraining such use of his name *pendente lite.* The three defendants claim that they have the right to carry on said business under the firm name of Roosevelt & Howland, because when the plaintiff retired he assigned all his right, title, and interest in said business to the defendant Roosevelt, and because in November, 1886, the plaintiff assigned to the defendant Roosevelt all his interest in the firm name of Roosevelt & Howland as a trade designation.

Assuming that, independently of the rights acquired by Roosevelt and Schuyler by their compliance with the provisions of chapter 400 of the Laws of 1854, these two assignments gave the defendant Roosevelt the right to continue business of the same character as that done by Howland, Roosevelt and Schuyler, under the firm name of Howland & Roosevelt, it does not seem to me that the right so given authorized Roosevelt from time to time to take in new partners and continue the business in connection with such new partners under the old firm name of Roosevelt & Howland. It is also claimed on behalf of the defendants that, although negotiations were pending between Roosevelt and Schuyler on the one part and Cotton on the other, for the admission of the latter to the firm, the latter never actually became a partner until after this action was brought. Upon the evidence before me I must hold that, whatever were the relations between Cotton and Schuyler and Roosevelt, as among themselves, so far as third parties were concerned, Cotton not only was a partner at the time this action was brought, but had been such a partner for about two years previously. It is also shown that after this action was commenced the three defendants filed a new certificate and published a notice, as provided for by said chapter 400 of the Laws of 1854, and it is claimed that the motion should be denied because of such compliance with that statute. Said chapter 400 of the Laws of 1854, which provides for the continued use of a partnership name, declares that on every change of persons continuing such use a certificate shall be filed and notice published as therein expressed; also, that on every change of a person or persons continuing the use of such name he or they shall sign and acknowledge a certificate declaring the person or persons dealing under such name, with their place or places of abode, and shall file the same with the clerk of the county in which shall be his or their principal place of business, and shall cause the same to be published in a certain newspaper for four successive weeks. I do not think that the fact that since the action was brought the three defendants have complied with such statute is a good defense to the action, or an answer to this motion. The object of the statute is to give the copartners who continue the business, their assigns or appointees, all benefits and advantages which result from the use of a firm name which is well and favorably known to the business community, and at the same time to protect the business community and the partner whose connection with the firm has ceased. If a business is carried on under a name which is so known, all persons dealing with such firm are entitled to know, or to have the means of knowing, whether the persons whose names appear in the firm name do actually compose the partnership. The person whose connection with the firm has ceased is also entitled to protection, lest the use of his name, and the fact

that he is thereby held out as a partner, should impose upon him serious pecuniary liabilities. I think that the provisions of said chapter 400 must be interpreted as meaning that a compliance with its provisions is a condition precedent to the right of the person continuing business to use the former firm name. Any other interpretation would lead to the most mischievous results. If the person continuing the business can use the old name for a few days, months, or years, without complying with the statute, and then obtain the right to use it by such compliance, third parties may be induced to deal with the firm upon the supposition that its membership remains unchanged, and the person who has ceased to be a partner may be ruined because he has allowed himself to be held out to the world as a partner. The motion for an injunction *pendente lite* will be granted, with $10 costs, to abide the event.